**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**TIMOTHY J. BURNS**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| MAURICE HAMLER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1312-CR-609 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven Rubick, Magistrate
Cause No. 49G17-1308-FD-52340

**August 13, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

Maurice Hamler appeals his convictions of resisting law enforcement, a Class A misdemeanor, Indiana Code section 35-44.1-3-1 (2013) and disorderly conduct, a Class B misdemeanor, Indiana Code section 35-45-1-3 (2006).

We affirm.

## ISSUE

Hamler presents one issue for our review: whether there was sufficient evidence to support his convictions.

## FACTS AND PROCEDURAL HISTORY

In the early morning hours of August 9, 2013, police were dispatched to an apartment complex regarding a domestic disturbance. When they arrived at the apartment complex, they found Hamler and a man later identified as Hamler's brother, Marlon, speaking loudly to each other in the courtyard area. The officers noted that Hamler's clothing matched that described by the dispatcher. Hamler attempted to leave the area when the police approached, and a struggle ensued.

Based upon this incident, Hamler was charged with strangulation, a Class D felony, Ind. Code § 35-42-2-9 (2006); domestic battery, a Class A misdemeanor, Ind. Code § 35-42-2-1.3 (2012); battery, a Class A misdemeanor, Ind. Code § 35-42-2-1 (2012); resisting law enforcement, a Class A misdemeanor, Ind. Code § 35-44.1-3-1; disorderly conduct, a Class B misdemeanor, Ind. Code § 35-45-1-3; and public intoxication, a Class B misdemeanor, Ind. Code § 7.1-5-1-3 (2012). A bench trial was held, and, at the close of the State's case, the trial judge granted Hamler's motion for involuntary dismissal as to the

charges of strangulation, domestic battery, battery, and public intoxication. Hamler was found guilty of resisting law enforcement and disorderly conduct. This appeal ensued.

DISCUSSION AND DECISION

Hamler contends that the State failed to present evidence sufficient to support his convictions of resisting law enforcement and disorderly conduct. When reviewing claims of insufficiency of the evidence, this Court neither reweighs the evidence nor assesses the credibility of the witnesses. *Brasher v. State*, 746 N.E.2d 71, 72 (Ind. 2001). Rather, we look to the evidence most favorable to the judgment and any reasonable inferences drawn therefrom. *Id.* We will affirm the conviction if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id.*

A. Resisting Law Enforcement

In order to obtain a conviction of resisting law enforcement in this case, the State must have proved beyond a reasonable doubt that (1) Hamler (2) knowingly or intentionally (3) forcibly resisted, obstructed, or interfered (4) with a law enforcement officer (5) while the officer was lawfully engaged in the execution of the officer's duties. *See* Ind. Code § 35-44.1-3-1(a)(1). Hamler asserts that the State's evidence does not demonstrate that he forcibly resisted the officers.

Our Supreme Court has determined that a person forcibly resists, obstructs, or interferes under this statute when he or she uses "strong, powerful, violent means" to impede a law enforcement official's rightful exercise of duties. *Spangler v. State*, 607 N.E.2d 720, 723 (Ind. 1993). Not all non-passive actions fulfill the force requirement of

3

the statute, *id.* at 724; yet, the amount of force need not rise to the level of "mayhem." *Graham v. State*, 903 N.E.2d 963, 965 (Ind. 2009). Rather, even a modest level of resistance might support an offense under this statute. *Walker v. State*, 998 N.E.2d 724, 727 (Ind. 2013).

The evidence most favorable to the conviction in the present case discloses that when the officers arrived on the scene, they noticed that Hamler's clothing matched the description given to them by the dispatcher. As the officers approached Hamler and his brother, Hamler, in an aggressive manner and with balled fists, attempted to push in between the two officers. One of the officers extended his arm to stop Hamler and told Hamler that they needed him to wait there. Hamler responded that he knew his rights, that his aunt was a lawyer, and that he was going home and there was nothing they could do to stop him. At that point, one of the officers told Hamler he needed to put him in handcuffs for his safety as well as the officers'. When the officers attempted to place handcuffs on Hamler, he "yanked his arms forward" out of the officers' hands. Tr. p. 11. The officers again attempted to place handcuffs on Hamler at which point they had to take him down to the ground. Hamler put his hands underneath his body and laid down on top of them. The officers eventually were able to remove Hamler's hands and secure him in handcuffs.

Hamler's actions here amount to forcible resistance so as to satisfy the requirements of the statute. *See Lopez v. State*, 926 N.E.2d 1090 (Ind. Ct. App. 2010) (affirming resisting law enforcement conviction where defendant refused to stand up, pulled away from officers, and laid on his hands in order to avoid being handcuffed), *trans. denied*.

B. Disorderly Conduct

In order to obtain a conviction of disorderly conduct in this case, the State must have proved beyond a reasonable doubt that (1) Hamler (2) recklessly, knowingly, or intentionally (3) made unreasonable noise (4) and continued to do so after being asked to stop. *See* Ind. Code § 35-45-1-3(a)(2). To support a conviction of disorderly conduct, the State must prove that the defendant "produced decibels of sound that were too loud for the circumstances." *Blackman v. State*, 868 N.E.2d 579, 584 (Ind. Ct. App. 2007), *trans. denied*. Here, Hamler claims that the noise he was making was not unreasonable and that he was not asked to stop.

The evidence at Hamler's bench trial shows that when officers arrived at approximately 2:30 a.m., they found Hamler and his brother speaking loudly to each other in the courtyard of the apartment complex. When Hamler saw the officers, he referred to them as "motherf***ers." Tr. p. 7. The officers testified they detected a strong odor of alcoholic beverage emanating from Hamler and that he had glassy, bloodshot eyes and slurred speech. During the entire incident, Hamler was loud and boisterous and continually yelled about knowing his rights, having an aunt that is an attorney, and getting the officers fired. One of the officers testified to telling Hamler and his brother to "stop yelling" and to "just calm down" during the incident. *Id.* at 43. Both officers testified that Hamler was very loud and that residents were looking out windows and opening doors to see what was happening.

Thus, the uncontradicted evidence demonstrates that Hamler was yelling loudly at approximately 2:30 a.m. in the middle of an apartment complex courtyard not only disrupting the officers' investigation but also disturbing the residents of the complex. The

5

officers saw residents open their doors to observe the scene or watch from their windows. In addition, the evidence shows that Hamler continued to yell and scream after being told to stop and to calm down. This evidence is sufficient.

## CONCLUSION

For the reasons stated, we conclude that there was sufficient evidence to sustain Hamler's convictions of resisting law enforcement and disorderly conduct.

Affirmed.

FRIEDLANDER, J., and PYLE, J., concur.