**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 20 2014, 9:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SIMONE SMITH,                          )
                                       )
    Appellant-Defendant,       )
                                       )
      vs.                 )   No. 49A02-1401-CR-21
                                       )
STATE OF INDIANA,                      )
                                       )
    Appellee-Plaintiff.        )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly J. Brown, Judge
Cause No. 49F07-1306-CM-38686

**August 20, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Simone Smith appeals her conviction for Class A misdemeanor resisting law enforcement. We affirm.

## Issue

Smith raises one issue, which we restate as whether the evidence is sufficient to sustain her conviction.

## Facts

On June 12, 2013, Officer Vincent Stewart of the Indianapolis Metropolitan Police Department was on patrol when he saw a maroon Hyundai with heavily tinted windows. Officer Stewart was unable to see the vehicle's occupants because of the tinting, and he initiated a traffic stop. Smith was the driver of the vehicle, a male was in the passenger seat, and Smith's infant was in the backseat. Officer Stewart asked Smith for her license and registration, but she ignored him and immediately made a call on her cell phone. Smith eventually identified herself, and Officer Stewart learned that Smith was driving with an expired learner's permit. At that time, Officers Ryan Gootee and Thomas White arrived to assist Officer Stewart. When Officer Stewart explained to Smith that he would be impounding the vehicle and issuing a summons to her, Smith became "agitated" and said, "this [is] some bulls**t." Tr. p. 15. Officer Stewart asked her to sign the summons, and Smith "snatched" the pen out of his hand. Id. at 16. Officer Gootee described Smith as "very hostile," using "vulgar" language, and "very uncooperative." Id. at 38.

Officer Stewart told Smith that she could retrieve her personal items from the vehicle. Smith continued removing her possessions until the tow truck driver arrived. At

2

that time, Officer Stewart told Smith that she needed to get out of the vehicle. Smith continued to say, "this is f***ked up and this is bulls**t," and to use other "foul language." Id. at 17, 19. After Officer Stewart told her repeatedly to exit the vehicle, Officer Stewart and Officer Gootee approached Smith to remove her from the vehicle. Officer Stewart tried to grab her wrist, but Smith "immediately yanked back very forcefully." Id. at 19. Officer Stewart again tried to grab Smith's wrist, but Smith "grabbed away" and scratched Officer Stewart hard enough to cause bleeding. Id. Officer Gootee then tried to grab Smith, and Smith "squared up" and clinched her fists. Id. at 20. The officers believed that Smith was getting ready to fight them. Officer Stewart told Smith not to resist, used his taser on her, and arrested her.

The State charged Smith with Class A misdemeanor resisting law enforcement for "knowingly or intentionally forcibly resist[ing], obstruct[ing] or interfere[ing]" with the officers while the officers were lawfully engaged in their duties. App. p. 18. The State also charged Smith with Class A misdemeanor driving while suspended and Class C misdemeanor operating a vehicle having never received a license. After a bench trial, the trial court found Smith guilty as charged and sentenced her to an aggregate sentence of 365 days suspended to probation. Smith now appeals.

**Analysis**

Smith argues that the evidence is insufficient to sustain her conviction for Class A misdemeanor resisting law enforcement.[1] When reviewing the sufficiency of the

---

[1] Smith does not challenge her other convictions.

3

evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt. Id.

At the time of Smith's arrest, Indiana Code Section 35-44.1-3-1(a), which governed the offense of resisting law enforcement, provided: "A person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties . . . commits resisting law enforcement, a Class A misdemeanor."[2] Smith argues that the evidence is insufficient to establish forcible resistance.

Our supreme court has held that "one 'forcibly resists' law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." Walker v. State, 998 N.E.2d 724, 726-27 (Ind. 2013) (citing Spangler v. State, 607 N.E.2d 720, 723 (Ind. 1993)). "[A]ny action to resist must be done with force in order to violate this statute. It is error as a matter of law to conclude that 'forcibly resists' includes all actions that are not passive." Id. at 727 (citing Spangler, 607 N.E.2d at 724). However, the "force involved need not rise to the level of mayhem.'" Id. (quoting Graham v. State, 903 N.E.2d 963, 965 (Ind. 2009)). "In fact,

---

[2] The statute was later amended. See P.L.172-2013, § 11 (eff. July 1, 2013), P.L.158-2013, § 509 (eff. July 1, 2014), and P.L.168-2014, § 80 (eff. July 1, 2014).

even a very 'modest level of resistance' might support the offense." Id. (quoting Graham, 903 N.E.2d at 966).

Whether a defendant's actions are "forcible" is an issue that is "necessarily fact-sensitive." Id. at 727.

> [N]ot every passive—or even active—response to a police officer constitutes the offense of resisting law enforcement, even when that response compels the officer to use force. Instead, a person "forcibly" resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means to impede an officer in the lawful execution of his or her duties. But this should not be understood as requiring an overwhelming or extreme level of force. The element may be satisfied with even a modest exertion of strength, power, or violence. Moreover, the statute does not require commission of a battery on the officer or actual physical contact—whether initiated by the officer or the defendant. It also contemplates punishment for the active threat of such strength, power, or violence when that threat impedes the officer's ability to lawfully execute his or her duties.

Id.

In support of her argument, Smith relies on our supreme court's opinion in K.W. v. State, 984 N.E.2d 610 (Ind. 2013). In K.W., our supreme court found that the evidence was insufficient to show forcible resistance where an officer attempted to handcuff a juvenile and the juvenile "turned to walk away, pulling against [the officer's] grasp on his wrist." K.W., 984 N.E.2d at 611. On the other hand, the State relies on J.S. v. State, 843 N.E.2d 1013 (Ind. Ct. App. 2006), trans. denied, and Lopez v. State, 926 N.E.2d 1090 (Ind. Ct. App. 2010), trans. denied. In J.S., an officer was attempting to separate two juveniles in a fight when one juvenile tried to pull away and jerk away from him. As he

5

tried to handcuff her, the juvenile kept "flailing her arms," "squirming her body," and "making it impossible for him to hold her hands." J.S., 843 N.E.2d at 1015. We held that the evidence was sufficient to sustain her conviction for resisting law enforcement. In Lopez, as officers tried to handcuff the defendant, he tried pulling away, refused to put his hands behind his back, and was "lying on his hands" to prevent the officers from handcuffing him. Lopez, 926 N.E.2d at 1091. We held that the evidence was sufficient to show forcible resistance.

We also note that, in Walker, 998 N.E.2d at 726, the defendant did not obey an officer's order to stop fighting. Instead, he turned toward the officer and started walking toward him with his fists clenched in an aggressive manner and raised at one point. The defendant ignored repeated warnings and orders and got close to the officer. As a result, the officer used his taser on the defendant. Our supreme court held that this evidence was sufficient to show forcible resistance, obstruction, or interference with the officer.

We conclude that Smith's conduct is more like that in Walker, J.S., and Lopez, than the conduct in K.W. In K.W., the juvenile merely pulled away from the officer's grasp. Here, Smith repeatedly refused Officer Stewart's orders to get out of the vehicle. When Officer Stewart tried to grab her wrist, she repeatedly yanked back forcefully. At one point, she scratched the officer hard enough to draw blood. Then, she "squared up" and clinched her fists, leading the officers to believe that she was going to fight them. Tr. p. 20. The officers then used a taser on her. This conduct is more than merely pulling away from the officer's grasp. We conclude that the evidence is sufficient to show that Smith forcibly resisted.

6

## Conclusion

The evidence is sufficient to sustain Smith's conviction for Class A misdemeanor resisting law enforcement. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.