## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 19 2016, 8:02 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Suzy St. John
Ruth Ann Johnson
Marion County Public Defender's Office
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Brian Reitz
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Rodney Tyms,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 19, 2016

Court of Appeals Case No.
49A04-1509-CR-1484

Appeal from the Marion Superior Court

The Honorable Annie Christ-Garcia, Judge

Trial Court Cause No.
49F24-1307-FD-44986

**Pyle, Judge.**

# Statement of the Case

[1] Rodney Tyms ("Tyms") appeals his convictions of two counts of resisting law enforcement as Class A misdemeanors.[1] He argues that there is insufficient evidence to support his convictions because the State failed to prove that he forcibly resisted law enforcement officers. Finding sufficient evidence of forcible resistance, we affirm.

[2] We affirm.

# Issue

> Whether there is sufficient evidence to support Tyms' convictions for resisting law enforcement.

# Facts

[3] At approximately 3:45 a.m. on July 10, 2013, Indianapolis Metropolitan Police Department ("IMPD") Officer Shelia McNeal ("Officer McNeal") initiated a traffic stop of Tyms when she saw him change lanes without signaling. IMPD Sergeant Steven Rivers ("Sergeant Rivers") stopped to assist Officer McNeal. As Sergeant Rivers exited his car, he observed Tyms "literally hanging entirely his upper torso [and arms] outside of his vehicle yelling profanities. . . ." (Tr. 64). Tyms yelled that the officers had no right to stop him because he had "diplomatic immunity." (Tr. 64-65). Sergeant Rivers was concerned because

---

[1] IND. CODE § 35-44.1-3-1.

"to immediately start yelling and screaming at officers and hanging half out of your vehicle is very abnormal behavior . . . ." (Tr. 65).

[4] Sergeant Rivers and Officer McNeal approached Tyms' vehicle. When Officer McNeal asked Tyms for his license, Tyms gave her a "Moorish National International Road Travel" card. (State's Ex. 6). When the officer asked Tyms for his vehicle registration, Tyms continued to yell profanities and "came halfway back out of the car." (Tr. 70). Sergeant Rivers noticed that Tyms was leaning out of his car with his right hand and his left hand was "stuffed down between the driver's seat and the driver's door inside of the vehicle." (Tr. 71). Concerned that Tyms was reaching for a weapon, the sergeant ordered Tyms to show his hands multiple times. Tyms refused to comply with the sergeant's orders.

[5] Sergeant Rivers pulled out his Taser, pointed it at Tyms, and told him to show his hands and step out of the vehicle or be tased. Tyms refused to show his hands and continued to yell that he had "diplomatic immunity." (Tr. 73). Sergeant Rivers attempted to open the door to Tyms' vehicle, but Tyms pulled it closed. As the two men struggled, Tyms leaned back and reached for the center console. Concerned that Tyms was reaching for a weapon, Sergeant Rivers tased Tyms. The Taser had a cartridge that shot two probes and delivered a five-second electrical shock to Tyms. Officer McNeal and Sergeant Rivers pulled Tyms out of his vehicle and placed him face down on the ground.

[6] As soon as the electrical shock wore off, Tyms kicked, screamed, and pulled his hands underneath him. Officer McNeal and Sergeant Rivers ordered Tyms to give them his hands and arms, but Tyms kept "his hands clinched up under him." (Tr. 39). The officers attempted to pull Tyms' arms out but were unable to do so even though Officer McNeal kneed Tyms in the leg and Sergeant Rivers hit him on the shoulder with a closed fist. Sergeant Rivers eventually tased Tyms a second and a third time, but he and Officer McNeal were still unable to grab Tyms' hands. It was not until a third IMPD officer arrived at the scene that the three officers together were able to grab Tyms' hands and handcuff him.

[7] Tyms was convicted by jury of two counts of Class A misdemeanor resisting law enforcement, one count each for resisting Officer McNeal and Sergeant Rivers. He now appeals both convictions.

## Decision

[8] Tyms argues that there is insufficient evidence to sustain his convictions. When reviewing sufficiency of the evidence claims, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We only consider the evidence supporting the judgment and any reasonable inferences that can be drawn from the evidence. *Id.* We will affirm a conviction if there is substantial evidence of probative value supporting each element of the offense such that a reasonable trier of fact could have found

the defendant guilty beyond a reasonable doubt. *Id.* Finally, we consider conflicting evidence most favorably to the trial court's ruling. *Id.* at 1066-67.

[9] In order to convict Tyms of resisting law enforcement as a Class A misdemeanor, the State had to prove beyond a reasonable doubt that he knowingly or intentionally forcibly resisted, obstructed, or interfered with Officer McNeal and Sergeant Rivers while they were lawfully engaged in the execution of their duties. *See* I.C. § 35-44.1-3-1(a)(1). Tyms contends that "keeping his hands tucked underneath his body and refusing to present them for cuffing is passive resistance, which will not suffice for a conviction." (Tyms' Br. 12).

[10] A person forcibly resists, obstructs, or interferes with a police officer when he uses strong, powerful, violent means to impede an officer in the lawful execution of his duties. *Walker v. State*, 998 N.E.2d 724, 727 (Ind. 2013). An overwhelming or extreme level of force is not required. *Id.* Forcible resistance may be satisfied with even a modest exertion of strength, power, or violence. *Id.* Physical contact is not even required. *Id.* A threatening gesture may be sufficient to constitute forcible resistance. *Id.* In *Lopez v. State*, 926 N.E.2d 1090, 1094 (Ind. Ct. App. 2010), *trans. denied*, this Court held that it was reasonable to infer forcible resistance where "the officers were unable to pull [the defendant's] arms out from under him."

[11] Here, Officer McNeal and Sergeant Rivers testified that they were unable to pull Tyms' hands out from under him. It was not until a third officer arrived at

the scene that the three officers together were able to grab Tyms' hands and handcuff him. As in *Lopez*, this is sufficient evidence to support the inference that Tyms used force in preventing Officer McNeal and Sergeant Rivers from handcuffing him. This evidence supports each element of the offense such that a reasonable trier of fact could have found Tyms guilty beyond a reasonable doubt. We therefore affirm Tyms' convictions for resisting law enforcement.[2]

[12] Affirmed.

Kirsch, J., and Riley, J., concur.

---

[2] Tyms also argues that there is insufficient evidence to support his conviction because his struggle with Officer McNeal and Sergeant Rivers was "involuntary bodily activity" after being tased. (Tyms' Br. 8). This argument is an invitation for us to we reweigh the evidence, which we cannot do. *See Willis*, 27 N.E.3d at 1066.