## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 22 2016, 5:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer A. Joas
Madison, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl Scharnberg
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brandon McGaughey, *Appellant-Defendant,* | September 22, 2016 |
| v. | Court of Appeals Case No. 39A01-1601-CR-119 |
| | Appeal from the Jefferson Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Michael J. Hensley, Judge |
| | Trial Court Cause No. 39D01-1409-CM-825 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a jury trial, Brandon McGaughey was convicted of resisting law enforcement, a Class A misdemeanor, and criminal mischief, a Class B misdemeanor. McGaughey appeals, raising the sole issue of whether the evidence is sufficient to sustain his conviction for resisting law enforcement.[1] Concluding the evidence is sufficient, we affirm.

# Facts and Procedural History

[2] On the evening of September 24, 2014, Deputy Joshua Cochran from the Jefferson County Sheriff's Department responded to a radio dispatch for officers to watch for a reckless driver in a black SUV. After locating a black SUV, Deputy Cochran followed the vehicle for a short distance, watching for erratic driving behaviors and also requesting a license and registration check on the vehicle. Dispatch informed the deputy the vehicle belonged to McGaughey and McGaughey's license was currently suspended. After observing the driver, later identified as McGaughey, make "extreme jerky movements" and cross the center line of the highway, Deputy Cochran initiated a traffic stop and identified McGaughey as the driver. Transcript of Evidence at 16.

[3] During the traffic stop, McGaughey appeared agitated and indicated he thought he was simply being hassled by the police, so Deputy Cochran ordered him to

---

[1] McGaughey does not appeal his criminal mischief conviction.

exit his vehicle to "get[] him out of his element." *Id.* at 21. Meanwhile, three other officers arrived to assist Deputy Cochran: Officer Jeremy Cox, Officer Kurtis Wallace, and Sergeant Jeff Neace. Upon arrival, Sergeant Neace observed the smell of alcohol on McGaughey's breath. After being asked whether he had been drinking, McGaughey admitted he "had a few drinks." *Id.* at 23. Deputy Cochran then conducted three field sobriety tests, concluded that McGaughey failed each test, and placed him under arrest for operating a vehicle while intoxicated.

[4]     After being told to place his arms behind his back, McGaughey stiffened his arms, pulled away from Deputy Cochran, and prevented Deputy Cochran from placing the handcuffs on him. Officer Wallace assisted Deputy Cochran by forcibly bringing McGaughey's wrists together. After the officers secured the handcuffs on McGaughey, Deputy Cochran asked Officer Wallace to perform a pat-down search of McGaughey. During the search, McGaughey began yelling and screaming, twisting his body away from Officer Wallace and refusing to allow him to search his pockets. Officer Wallace and Deputy Cochran then pinned McGaughey against a police vehicle to restrain his movement in order to perform the pat-down search. Once the officers placed McGaughey in the front seat of the police vehicle, he told them he was "going to start breaking sh\*\*." *Id.* at 35. McGaughey then began slamming his feet into the dashboard of the vehicle, breaking the GPS unit's dash-mount. Officer Wallace and Deputy Cochran forcibly removed McGaughey from the vehicle and placed him on the ground to gain compliance. And yet, McGaughey still would not

comply with the officers' orders to calm down, requiring Sergeant Neace to utilize his taser. Eventually, McGaughey calmed down and Officer Cox transported him to jail with Sergeant Neace riding in the backseat with McGaughey.

[5] The State charged McGaughey with four counts: operating a vehicle while intoxicated as a Class A misdemeanor, operating a vehicle while intoxicated as a Class C misdemeanor, resisting law enforcement as a Class A misdemeanor, and criminal mischief as a Class B misdemeanor. A jury found McGaughey guilty of criminal mischief and resisting law enforcement. McGaughey now appeals his conviction for resisting law enforcement.

# Discussion and Decision

## I. Standard of Review

[6] In reviewing the sufficiency of the evidence to support a conviction, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We consider only the evidence supporting the verdict and any reasonable inferences drawn therefrom. *Id.* We will affirm the conviction "if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013) (citation omitted).

# II. Sufficiency of the Evidence

[7] To prove resisting law enforcement as a Class A misdemeanor, the State was required to prove that McGaughey "knowingly or intentionally . . . forcibly resist[ed], obstruct[ed], or interfer[ed] with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties." Ind. Code § 35-44.1-3-1(a)(1) (2014). On appeal, McGaughey maintains the evidence is insufficient to prove he forcibly resisted, obstructed, or interfered with a police officer. Specifically, McGaughey contends any "action taken . . . does not rise to the level of force necessary to convict him of resisting law enforcement." Appellant's Brief at 7.

[8] "[O]ne 'forcibly resists' law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Spangler v. State*, 607 N.E.2d 720, 723 (Ind. 1993). An overwhelming or extreme level of force is not required. *Walker*, 998 N.E.2d at 727. Forcible resistance may be satisfied with even a modest exertion of strength, power, or violence. *Id.* We have affirmed convictions for resisting law enforcement where the defendant pulled away from police officers and refused to place his hands behind his back, *Lopez v. State*, 926 N.E.2d 1090, 1093-94 (Ind. Ct. App. 2010), *trans. denied*; where a defendant was flailing, jerking, or squirming her body while an officer was trying to handcuff her, *J.S. v. State*, 843 N.E.2d 1013, 1017 (Ind. Ct. App. 2006), *trans. denied*; and where a defendant "stiffened up" when police attempted to place him in a police vehicle, *Johnson v. State*, 833 N.E.2d 516, 518-19 (Ind. Ct. App. 2005).

McGaughey asserts that his actions were "merely difficult," rather than forceful. Appellant's Br. at 8. However, this argument amounts to a request to reweigh the evidence, which we will not do. Here, the State presented evidence in the form of testimony by Deputy Cochran, Officer Wallace, and Sergeant Neace that McGaughey pulled away and stiffened his arms when they attempted to handcuff him. Further, the evidence shows the arrest required at least two officers to restrain McGaughey by pinning him against the vehicle, place him in handcuffs, and complete a pat-down search. In addition, after being placed in the police vehicle, McGaughey violently slammed his feet against the dashboard and broke police equipment, forcing the officers to yank him from the vehicle and tase him to subdue his resistance. These facts are sufficient for a reasonable jury to find that McGaughey forcibly resisted law enforcement.

# Conclusion

There was sufficient evidence to support McGaughey's conviction, and we therefore affirm.

Affirmed.

Mathias, J., and Brown, J., concur.