## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 11 2018, 8:17 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David M. Payne
Ryan & Payne
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

T.W.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 11, 2018

Court of Appeals Case No.
27A05-1707-JS-1656

Appeal from the Grant Superior Court

The Honorable Brian McLane, Judge

Trial Court Cause No.
27D02-1705-JS-84

**Barnes, Judge.**

# Case Summary

Sixteen-year-old T.W. appeals the trial court's true finding for conduct that would be Class A misdemeanor resisting law enforcement if committed by an adult. We reverse and remand with instructions.

# Issue

The sole issue is whether sufficient evidence supports T.W.'s adjudication.

# Facts

On May 16, 2017, Marion Police Department ("MPD") Officer Jacob Herbert was dispatched to check a Grant County house for runaways, including then-fifteen-year-old T.W. While onsite, he saw several juveniles run out the back door. Afterwards, assisting Officer Jarod Reel saw T.W., two other female juveniles, and one male juvenile running approximately one block from the house. On seeing Officer Reel, the juveniles "began running north across 29th Street." Tr. Vol. II p. 7. Officer Reel briefly activated his lights and siren and shouted for them to stop. One juvenile stopped, but T.W. and the others ran and jumped over fences to escape. Detective Mitchener, a plain-clothed "off duty detective [who] happened to be in the area," and an MPD sergeant assisted Officer Reel in arresting the juveniles at a nearby water park. *Id*. at 8.

On May 17, 2017, the State filed a petition alleging that T.W. was a juvenile delinquent for committing an act that would be Class A misdemeanor resisting law enforcement if committed by an adult. At the fact-finding hearing on May 24, 2017, Officer Reel testified that T.W. ran from the house and jumped over

fences before she was apprehended at the Splash House. He testified further that an assisting plain-clothed officer shouted at the juveniles to get on the ground, and "they immediately got to the ground." *Id*. at 12. T.W. testified that the juveniles ran because her mother and step-father were at the door. She testified that she and the others were "running and jumping fences" and

> running across the street trying to make it to the trail and a cop, well I don't even know if it was a cop, because he was in that truck and it had nothing on there, and he was in regular clothes and he was just slowing down staring at us and then we ran into the [water park] and they said get on the ground. [The juveniles complied].

*Id*. at 17. T.W. testified further that she did not hear or see Officer Reel until they reached the water park, and that she did not see a marked police car or activated police lights, and she never heard a siren or a shouted police order to stop running. It is undisputed that T.W. had no physical contact with any officer before she was handcuffed at the water park. At the close of the hearing, the trial court adjudicated T.W. a delinquent and imposed, but stayed, a 90-day detention, ordering T.W. to serve six months of probation. She now appeals.

## Analysis

T.W. argues that the evidence is insufficient to support the delinquency adjudication because the State failed to present evidence of requisite force. When reviewing a claim of insufficient evidence to support juvenile delinquency adjudications, we neither reweigh evidence nor reassess witness credibility; rather, we look only to the probative evidence and reasonable

inferences supporting the adjudication to determine whether a reasonable trier of fact could conclude that the juvenile was guilty beyond a reasonable doubt. *D.W. v. State*, 903 N.E.2d 966, 968 (Ind. Ct. App. 2009), *trans. denied*.

[6] The trial court entered a true finding against T.W. for class A misdemeanor resisting law enforcement. "A person who knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of the officer's duties . . . commits resisting law enforcement, a Class A misdemeanor." Ind. Code § 35-44.1-1-3(a)(1).[1] "One 'forcibly resists' law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Lopez v. State,* 926 N.E.2d 1090, 1092 (Ind. Ct. App. 2010) (quoting *Spangler v. State,* 607 N.E.2d 720, 723 (Ind. 1993)). "[A]*ny action to resist must be done with force in order to violate this statute*." *Spangler*, 607 N.E.2d at 724, emphasis added.

[7] The State's evidence at trial here consisted solely of Officer Reel's testimony that T.W. ran from the police. No evidence whatsoever was presented that T.W. used force to evade capture, not to mention "strong, powerful, violent means." *See Lopez,* 926 N.E.2d at 1092. Absent a showing of the requisite forcible resistance, the delinquency adjudication cannot stand. *See id.* The State concedes as much and "agrees that the evidence was insufficient to

---

[1] The State did not allege that T.W. violated Indiana Code Section 35-44.1-1-3(a)(3), which prohibits "flee[ing]" from a law enforcement officer.

support [the] true finding[.]" Appellee's Br. p. 6. We reverse the judgment and remand with instructions to vacate the adjudication.

## Conclusion

[8] Insufficient evidence supports T.W.'s delinquency adjudication. We reverse and remand.

[9] Reversed and remanded with instructions.

Najam, J., and Mathias, J., concur.