## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Sally Skodinski
South Bend, Indiana

**ATTORNEYS FOR APPELLEE**

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justin Vance,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 12, 2019

Court of Appeals Case No.
18A-CR-2924

Appeal from the St. Joseph
Superior Court

The Honorable John M.
Marnocha, Judge

The Honorable Julie Verheye,
Magistrate

Trial Court Cause No.
71D02-1805-CM-1714

**Friedlander, Senior Judge.**

[1] Justin Vance appeals his conviction of resisting law enforcement, a Class A misdemeanor,[1] arguing that the evidence is not sufficient to support his conviction. Concluding that the State's evidence is sufficient, we affirm.

[2] One evening in May 2018, Officer Fredenburg of the South Bend Police Department was dispatched to a residence. As he approached the home, he could hear screaming and yelling coming from inside, and, when he entered the house, he observed a table turned over, glass on the floor, blood in the kitchen, and two males wrestling on the floor. The two men, who were eventually identified as Vance and his son, were separated by Officer Fredenburg and other responding officers. Vance's son had to be further subdued because, even after being separated from Vance, he continued to try to attack Vance and ripped Officer Fredenburg's microphone off his vest. As the officers were subduing Vance's son, family members in the home began yelling at and assaulting the officers.

[3] Once the officers had the other family members under control, they attempted to detain and handcuff Vance. Vance pulled away from the officers and clenched his fists. When one officer was able to grab Vance, Vance tried to push the officer off of him. The officers took Vance to the ground, but, once on the ground, Vance kept his arms underneath his body, and he was screaming and swearing at the officers. Finally, one of the officers got on Vance's back

---

[1] Ind. Code § 35-44.1-3-1 (2016).

and pulled one of his arms from underneath him so that he could be handcuffed. Based upon this incident, the State charged Vance with resisting law enforcement. Following a bench trial, Vance was found guilty and sentenced to thirty days. He now appeals this conviction.

[4] When we review a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of the witnesses. *Sandleben v. State*, 29 N.E.3d 126 (Ind. Ct. App. 2015), *trans. denied*. Instead, we consider only the evidence most favorable to the judgment and any reasonable inferences drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable fact-finder could have found the defendant guilty beyond a reasonable doubt, the judgment will not be disturbed. *Labarr v. State*, 36 N.E.3d 501 (Ind. Ct. App. 2015).

[5] In order to obtain a conviction for resisting law enforcement in this case, the State must have proved beyond a reasonable doubt that (1) Vance (2) knowingly (3) forcibly resisted (4) a law enforcement officer (5) while the officer was lawfully engaged in the execution of his duties. *See* Appellant's App. Vol. 2, p. 7; *see also* Ind. Code § 35-44.1-3-1(a)(1) (2016). Vance challenges the State's evidence as to whether he forcibly resisted, claiming that he merely "did not put his arms out to be handcuffed once he was taken to the ground." Appellant's Br. p. 8.

[6] A person forcibly resists a police officer when he uses strong, powerful, violent means to impede an officer in the lawful execution of his duties. *Walker v. State*,

998 N.E.2d 724 (Ind. 2013). An overwhelming or extreme level of force is not required; rather, forcible resistance may be satisfied with even a modest exertion of strength, power, or violence. *Id.* In *Lopez v. State*, this Court held that it was reasonable to infer forcible resistance where Lopez was lying on his hands, and the officers were unable to pull his arms out from under him to handcuff him. 926 N.E.2d 1090 (Ind. Ct. App. 2010), *trans. denied*.

[7] Here, Officer Fredenburg testified generally that when the officers attempted to detain Vance, he tensed up and "had to be taken to the ground by officers." Tr. Vol. 2, p. 8. Officer Paturalski testified that when he arrived on the scene Officer Fredenburg instructed him to detain Vance. Officer Paturalski reached for Vance's arm, and Vance "aggressively pulled away," "was backing up," and his "fists were clenched." *Id.* at 18. Officer Paturalski tried to strike Vance in order to "distract him from maintaining his defensive posture." *Id.* The officer missed, but he was able to grab Vance. Vance attempted to push the officer off of him, but Officer Fredenburg was able to step in to assist Officer Paturalski and take Vance to the ground. Officer Knepper testified that the officers had taken Vance to the ground but were having difficulty handcuffing him because he "had his arms underneath his body," and "he simply would not give his arms up to be placed in handcuffs." *Id.* at 36. Officer Knepper got onto Vance's back and pulled his right arm from underneath his body so that he could be handcuffed. This evidence is sufficient to support the trial court's conclusion that the State proved the element of forcible resistance beyond a reasonable doubt.

[8]     Judgment affirmed.

Riley, J., and Crone, J., concur.