ATTORNEYS FOR APPELLANT
Suzy St. John
Ruth A. Johnson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Aaron J. Spolarich
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

**FILED**
Dec 12 2013, 2:38 pm

CLERK
of the supreme court,
court of appeals and
tax court

### No. 49S02-1312-CR-804

DEMETRIUS WALKER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Marion Superior Court, No. 49F10-1203-CM-019943
The Honorable Linda Brown, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 49A02-1205-CR-380

**December 12, 2013**

**David, Justice.**

Just because an individual refuses to comply with a police officer's order does not necessarily subject that individual to criminal liability under Indiana's resisting law enforcement statute. The individual must "forcibly" resist the officer's lawful execution of his or her duties. But in this case the defendant refused repeated orders to lay down on the ground and advanced aggressively, with his fists clenched, to within a few feet of the police officer issuing the orders

before ultimately being tased. We find this conduct was sufficient to support his conviction for resisting law enforcement, and therefore affirm the trial court.

**Facts and Procedural History**

Early on the morning of March 25, 2012, Indianapolis Metropolitan Police Department Officer Jason Ehret was dispatched to a fight in progress. When he arrived on-scene, he saw two males standing in the middle of an intersection, yelling back and forth. Officer Ehret announced himself, but the men continued yelling. The men began walking towards each other and Officer Ehret told them to separate; instead they began throwing punches.

Officer Ehret continued yelling at them to stop, and to lay down on the ground; after ten or fifteen seconds of the men continuing to fight, he warned them that he would employ his taser if they did not comply. One man immediately dropped to the ground with his arms outstretched; the other—Demetrius Walker—turned toward Officer Ehret, who was at that point about ten feet away, and with fists clenched, stared at Officer Ehret and began to approach.

Officer Ehret ordered Walker to stop and get down on the ground several times, but Walker continued his advance with his arms and fists clenched "in an aggressive manner"—at one point raising his fists. When Walker got within three or four feet of Officer Ehret, Officer Ehret drew his taser and pointed it; Walker continued forward. Officer Ehret tased Walker, who immediately fell to the ground "and after that point was very cooperative." (Tr. at 12.) Officer Ehret was then able to handcuff and arrest Walker without any further struggle.

The State charged Walker with resisting law enforcement, as a class A misdemeanor, and disorderly conduct, as a class B misdemeanor. After a bench trial, the judge found Walker guilty

2

of resisting law enforcement and sentenced him to ninety days in the Marion County jail, with credit for fifty days of time served.[1]

Walker appealed, arguing that the evidence was insufficient to sustain his conviction for resisting law enforcement. The Court of Appeals affirmed, Walker v. State, 984 N.E.2d 642 (Ind. Ct. App. 2013), and Walker sought transfer to this Court. We heard oral argument on August 22, 2013, and now grant transfer, thereby vacating the Court of Appeals opinion. Ind. Appellate Rule 58(A). We likewise affirm.

**Standard of Review**

We do not reweigh evidence or reassess the credibility of witnesses when reviewing a conviction for the sufficiency of the evidence. Bailey v. State, 979 N.E.2d 133, 135 (Ind. 2012). We view all evidence and reasonable inferences drawn therefrom in a light most favorable to the conviction, and will affirm "if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt." Davis v. State, 813 N.E.2d 1176, 1178 (Ind. 2004); Bailey, 979 N.E.2d at 135.

---

[1] The trial court, on Walker's motion, dismissed the disorderly conduct charge.

**Discussion**

A person commits the crime of resisting law enforcement when he or she "knowingly or intentionally . . . forcibly resists, obstructs, or interferes with a law enforcement officer . . . while the officer is lawfully engaged in the execution of the officer's duties." Ind. Code § 35-44.1-3-1(a)(1) (Supp. 2013).[2] Barring certain aggravating factors, the offense is a class A misdemeanor. Ind. Code § 35-44.1-3-1(a). Such a seemingly simple statute, however, has proven to be complex and nuanced in its application.

In Spangler v. State, we held that the word "forcibly" is an essential element of the crime and modifies the entire string of verbs—resists, obstructs, or interferes—such that the State must show forcible resistance, forcible obstruction, or forcible interference. 607 N.E.2d 720, 722–23 (Ind. 1993). We also held that the word meant "something more than mere action." Id. at 724. "[O]ne 'forcibly resists' law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." Id. at 723. "[A]ny action to resist must be done with force in order to violate this statute. It is error as a matter of law to conclude that 'forcibly resists' includes all actions that are not passive." Id. at 724.

But even so, "the statute does not demand complete passivity." K.W. v. State, 984 N.E.2d 610, 612 (Ind. 2013). In Graham v. State, we clarified that "[t]he force involved need not rise to the level of mayhem." 903 N.E.2d 963, 965 (Ind. 2009). In fact, even a very "modest level of resistance" might support the offense. Id. at 966 ("even 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice").

---

[2] At the time of his arrest and trial, this offense was codified at Indiana Code § 35-44-3-3. There was no change to the substance of the statute when it was recodified to its current location.

Furthermore, we have never held that actual physical contact between the defendant and the officer has been required to sustain a conviction for resisting law enforcement.  In fact, from the beginning we have said just the opposite.  See Spangler, 607 N.E.2d at 724 (noting "no movement *or threatening gesture* made in the direction of the oficial" (emphasis added)); id. (defining "forcible" in part by comparison to statutory definition of "forcible felony" which included felonies involving "the use *or threat of force* against a human being" and those "in which there is imminent danger of bodily injury to a human being" (emphasis added) (citing Ind. Code § 35-41-1-11)); see also Price v. State, 622 N.E.2d 954, 963 n.14 (Ind. 1993) (citing Spangler for proposition that "an individual who directs strength, power or violence towards police officers *or who makes a threatening gesture or movement in their direction*," may be charged with resisting law enforcement (emphasis added)).

And this notion has been applied to affirm convictions when a defendant makes such a threatening gesture or movement, or otherwise presents an imminent danger of bodily injury. See Pogue v. State, 937 N.E.2d 1253, 1258 (Ind. Ct. App. 2010) (display of box cutter and refusal to drop it "amounted to a visual showing of strength and a threat of violence" sufficient to sustain conviction), trans. denied; see also Stansberry v. State, 954 N.E.2d 507, 511–12 (Ind. Ct. App. 2011) (vacating conviction for "attempted" resisting law enforcement when defendant charged at officer and had to be pepper-sprayed, but citing Pogue as holding that "merely showing strength and a threat of violence is sufficient to prove forcible resistance, obstruction, or interference").

So in summary, not every passive—or even active—response to a police officer constitutes the offense of resisting law enforcement, even when that response compels the officer to use force.  Instead, a person "forcibly" resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means to impede an officer in the lawful execution of his or her duties.  But this should not be understood as requiring an overwhelming or extreme level of force.  The element may be satisfied with even a modest exertion of strength, power, or

5

violence. Moreover, the statute does not require commission of a battery on the officer or actual physical contact—whether initiated by the officer or the defendant. It also contemplates punishment for the active *threat* of such strength, power, or violence when that threat impedes the officer's ability to lawfully execute his or her duties.

Still, these cases are necessarily fact-sensitive, and since Spangler appellate courts have attempted to place them along a spectrum of force, though often with the facts varying only by slight degrees. A side-effect of this approach can be a degree of unpredictability in outcome, for both the defendant and the State.

For example, in K.W., we held that the evidence was insufficient to sustain a juvenile adjudication for resisting law enforcement when the juvenile began to pull away and turn from a school resource officer attempting to cuff him, 984 N.E.2d at 612–13, and in A.C. v. State, the Court of Appeals similarly found that a juvenile did not act forcibly when he refused to stand when asked and leaned away from an officer, 929 N.E.2d 907, 911–12 (Ind. Ct. App. 2010). But in Johnson v. State, the Court of Appeals found forcible resistance because that defendant turned and pushed away from officers as they attempted to search him, and stiffened up as they put him in a transport vehicle. 833 N.E.2d 516, 518–19 (Ind. Ct. App. 2005).

And in Pogue v. State, the Court of Appeals held that a defendant acted forcibly when he displayed a box cutter and refused to drop it when asked, but instead seemed to try to put it back in his pocket. 937 N.E.2d 1253, 1258–59 (Ind. Ct. App. 2010), trans. denied. But in Colvin v. State, the Court of Appeals found that a defendant did not act forcibly just because he refused an order to remove his hands from his pockets but had to be taken physically to the ground by an officer. 916 N.E.2d 306, 309 (Ind. Ct. App. 2009), trans. denied.

Nevertheless, we still remain unconvinced that there needs to be any strict bright-line test for whether a defendant acts "forcibly"—at least, not one with any more definitiveness than the

6

language already in use by our case law. Some things are appropriately suited for such tests, see, e.g., Bailey v. State, 979 N.E.2d 133, 141–42 (Ind. 2012) (identifying reasons that bright-line rule that any degree of physical pain may constitute bodily injury is preferred over "case-by-case comparison to determine whether a victim's pain is sufficiently significant"), and some things are not, see id. at 141 n.17 (no bright-line rule dividing pain and extreme pain, but "extreme pain" is something well within common understanding of average fact-finder).

We think whether conduct is "forcible," such that it may support a conviction for resisting law enforcement, falls into the latter of these two camps. Given the definition we have articulated, we feel confident that triers of fact will make the proper determinations when confronted with the facts of the cases before them, and our body of case law provides ample guideposts for appellate review.

And here, when viewed in a light most favorable to the conviction, we believe the evidence is sufficient to sustain Walker's conviction. Officer Ehret's testimony indicates that he arrived as Walker and another man were arguing, and he ordered the two men to the ground several times—neither complied until Officer Ehret threatened to use his taser as the argument escalated to violence. At that point, one combatant dropped to the ground, but Walker turned towards Officer Ehret and began advancing on him. With his fists clenched—and at a point raised—and acting in an aggressive manner, Walker ignored repeated warnings and orders from Officer Ehret and advanced to near striking distance. At that point, Officer Ehret deployed his taser and was able to subdue Walker.

Walker argues that his refusal to lay down on the ground, and the fact that Officer Ehret had to use force to eventually get Walker on the ground, does not in and of itself, prove any forcible action on Walker's part. He also argues that simply walking toward Officer Ehret, in and of itself, does not constitute the use of strong, powerful means to resist law enforcement. He

7

is correct on both points, and if those were the only actions Walker had taken (or refused to take), this might be a different case.

Where Walker's argument fails is in the attempt to distinguish his case factually from Pogue and Stansberry. He acknowledges that those cases are representative of the idea that the threat of violence can support a conviction for resisting law enforcement, but argues that unlike in Pogue, he did not display a weapon in his encounter with Officer Ehret, and that unlike in Stansberry, there was no evidence of "purposefully aggressive behavior in defiance of arrest" directed at Officer Ehret. (Appellant's Br. at 9–10.)

For one thing, Walker did display a weapon—his fists—and while he appears to claim that his fists were simply still clenched as a result of a racially-charged fight, this is asking this Court to engage in speculation as to what Walker might have done had he closed the distance completely between he and Officer Ehret. There was no direct evidence presented as to who Walker's aggression was aimed at or why his fists were clenched. Given the totality of Walker's conduct, however, we think it is a reasonable inference to conclude that his aggression was at that point directed at Officer Ehret. We think this is sufficient to show an active threat of strength, violence, or power.

And as for his argument that he showed no evidence of "purposefully aggressive behavior in defiance of arrest," we note first the statute does not require his action to specifically be "in defiance of arrest," only a forcible resistance, obstruction, or interference with Officer Ehret's execution of his duties. And second, if advancing in an aggressive manner and with fists clenched to within three or four feet of the only police officer on the scene, who has been ordering you to the ground, is not at least "purposefully aggressive behavior," then we are not clear what conduct might ever merit such a label.

8

## Conclusion

We therefore affirm Walker's conviction for resisting law enforcement.

Dickson, C.J., Massa, and Rush, J.J., concur.
Rucker, J., concurs in result.