## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 13 2015, 9:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Mark A. Bates
Office of the Lake County Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael James Beasley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | February 13, 2015<br><br>Court of Appeals Cause No.<br>45A03-1407-CR-251<br><br>Appeal from the Lake Superior<br>Court, The Honorable Jamise<br>Perkins, Judge Pro Tempore<br>Cause No. 45G03-1209-FC-103 |

**Najam, Judge.**

## Statement of the Case

[1] Michael James Beasley appeals his conviction for resisting law enforcement, as a Class A misdemeanor, following a jury trial. Beasley raises a single issue for

our review, namely, whether the State presented sufficient evidence to support his conviction. We affirm.

## Facts and Procedural History

On August 31, 2012, Hammond Police Department Detective George Gavrilos observed Beasley in the passenger seat of a vehicle parked near the main entrance to the Hammond Police Department. Detective Gavrilos knew that there was a warrant out for Beasley's arrest, and Detective Gavrilos approached Beasley and asked him to exit the vehicle. Beasley did so, but as Detective Gavrilos attempted to place Beasley in handcuffs Beasley "swung his left arm and made contact with [Detective Gavrilos] just below [the] left breast area." Tr. at 98. After the contact, Detective Gavrilos "reacted" and "twisted" his body, and "at that point [he] felt and heard a loud pop in [his] leg, and [he] fell to the ground." *Id.* at 99. Beasley then attempted to flee, but other, nearby officers apprehended him. Detective Gavrilos had to wear a knee brace and attend physical therapy for the ensuing six weeks.

On September 2, the State charged Beasley with, among other things, resisting law enforcement, as a Class A misdemeanor. The jury found him guilty of that charge and the trial court sentenced him accordingly. This appeal ensued.

## Discussion and Decision

Beasley asserts that the State failed to present sufficient evidence to support his conviction for resisting law enforcement, as a Class A misdemeanor. When reviewing a claim of sufficiency of the evidence, we do not reweigh the

evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

[5] Pursuant to Indiana Code Section 35-44.1-3-1, to prove that Beasley committed resisting law enforcement, as a Class A misdemeanor, the State was required to show that, knowingly or intentionally, Beasley forcibly resisted, obstructed, or interfered with a law enforcement officer while the officer was lawfully engaged in the execution of the officer's duties. On appeal, Beasley challenges whether the State demonstrated that he had "forcibly" resisted Detective Gavrilos and whether Beasley knowingly or intentionally did so. The State met its burden.

[6] As our supreme court has explained:

> In *Spangler v. State*, we held that the word "forcibly" is an essential element of the crime and modifies the entire string of verbs—resists, obstructs, or interferes—such that the State must show forcible resistance, forcible obstruction, or forcible interference. 607 N.E.2d 720, 722-23 (Ind. 1993). We also held that the word meant "something more than mere action." *Id.* at 724. "[O]ne 'forcibly resists' law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Id.* at 723. "[A]ny action to resist must be done with force in order to violate this statute. It is error as a matter of law to conclude that 'forcibly resists' includes all actions that are not passive." *Id.* at 724.

But even so, "the statute does not demand complete passivity." *K.W. v. State*, 984 N.E.2d 610, 612 (Ind. 2013). In *Graham v. State*, we clarified that "[t]he force involved need not rise to the level of mayhem." 903 N.E.2d 963, 965 (Ind. 2009). In fact, even a very "modest level of resistance" might support the offense. *Id.* at 966 ("even 'stiffening' of one's arms when an officer grabs hold to position them for cuffing would suffice").

Furthermore, we have never held that actual physical contact between the defendant and the officer has been required to sustain a conviction for resisting law enforcement. In fact, from the beginning we have said just the opposite. *See Spangler*, 607 N.E.2d at 724 (noting "no movement *or threatening gesture* made in the direction of the official" (emphasis added)); *id.* (defining "forcible" in part by comparison to statutory definition of "forcible felony" which included felonies involving "the use *or threat of force* against a human being" and those "in which there is imminent danger of bodily injury to a human being" (emphasis added) (citing Ind. Code § 35-41-1-11)); *see also Price v. State*, 622 N.E.2d 954, 963 n.14 (Ind. 1993) (citing *Spangler* for proposition that "an individual who directs strength, power or violence towards police officers *or who makes a threatening gesture or movement in their direction*," may be charged with resisting law enforcement (emphasis added)).

\* \* \*

So in summary, not every passive—or even active—response to a police officer constitutes the offense of resisting law enforcement, even when that response compels the officer to use force. Instead, a person "forcibly" resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means to impede an officer in the lawful execution of his or her duties. But this should not be understood as requiring an overwhelming or extreme level of force. The element may be

satisfied with even a modest exertion of strength, power, or violence. Moreover, the statute does not require commission of a battery on the officer or actual physical contact—whether initiated by the officer or the defendant. It also contemplates punishment for the active threat of such strength, power, or violence when that threat impedes the officer's ability to lawfully execute his or her duties.

*Walker v. State*, 998 N.E.2d 724, 726-27 (Ind. 2013).

[7] The State easily met its burden to show that Beasley forcibly resisted Detective Gavrilos. Detective Gavrilos testified that Beasley struck him while the detective was attempting to effect an arrest, and then Beasley fled (though not far). This evidence demonstrates that Beasley used at least "a modest exertion of strength, power, or violence." *Id.* at 727. Beasley's arguments otherwise are merely a request for this court to reweigh the evidence, which we will not do.

[8] Beasley also asserts that, on cross-examination, Detective Gavrilos "admitted that Beasley only 'made a motion[]' with his arm but he did not strike" the detective. Appellant's Br. at 7 (quoting Tr. at 130). This statement mischaracterizes Detective Gavrilos' testimony. The detective did not "admit[]" that Beasley "did not strike" him; rather Detective Gavrilos stated that Beasley did not "turn and face [me] and then strike [me.]" Tr. at 130. But such aggression is not required for resisting law enforcement, as a Class A misdemeanor. *Walker*, 998 N.E.2d at 726-27. Beasley's arguments on appeal are without merit.

In a paragraph at the end of his brief Beasley asserts that the State also failed to show that he knowingly or intentionally resisted law enforcement. But this argument, insofar as it is actually supported by cogent reasoning, is merely a request for this court to reweigh the evidence, which we will not do. We affirm Beasley's conviction for resisting law enforcement, as a Class A misdemeanor.

Affirmed.

Mathias, J., and Bradford, J., concur.