## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 16 2018, 10:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James A. Edgar
J. Edgar Law Offices, Prof. Corp.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Theodore Briscoe,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 16, 2018<br><br>Court of Appeals Case No.<br>49A04-1709-CR-2327<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Alicia Gooden, Judge<br><br>The Honorable Richard Hagenmaier, Commissioner<br><br>Trial Court Cause No.<br>49G21-1602-F5-4552 |

**May, Judge.**

[1] Theodore Briscoe appeals his convictions of Level 6 felony resisting law enforcement by operation of a vehicle[1] and Level 5 felony carrying a handgun without a license after having been convicted of a felony within the previous fifteen years.[2] He argues the State did not present sufficient evidence to prove he committed these crimes.[3] We affirm.

## Facts and Procedural History

[2] In the evening of February 1, 2016, Officer Matthew Minnis observed a vehicle turn without signaling. He checked the license plate of the vehicle and discovered it was stolen. After calling for backup, Officer Minnis activated his emergency lights and air horn. Instead of stopping, the vehicle accelerated and a high-speed chase ensued through residential areas of northwest Indianapolis.

[3] The chase ended when the vehicle struck a house. Officer Minnis and Officer Craig Solomon helped pull Briscoe out of the car. The officers placed Briscoe on his stomach on the ground. Officer Minnis testified there was nothing on the ground when they placed Briscoe on the ground. Officer Minnis testified Briscoe initially refused to put his hands behind his back, kept his hand "directly under the center of his body towards his belt line[,]" (Tr. Vol. II at 18),

---

[1] Ind. Code § 35-44.1-3-1(b)(1) (2014).

[2] Ind. Code § 35-47-2-1(e)(2)(B) (2014).

[3] Briscoe was also convicted of Class A misdemeanor resisting law enforcement, but he does not challenge that conviction.

and "approximately in 10 or 15 seconds of pulling out his hands we were able to get his hands behind his back, handcuffed him and at that time we rolled him over to search his person and that's where we located the small black handgun[.]" (*Id.* at 17.)

[4]     On February 4, 2016, the State charged Briscoe with Class A misdemeanor carrying a handgun without a license,[4] Class A misdemeanor resisting law enforcement,[5] and Level 6 felony resisting law enforcement by using a vehicle. The handgun charge was later enhanced to a Level 5 felony by virtue of Briscoe's 2009 felony conviction. Briscoe's jury trial commenced August 17, 2017, and the jury returned guilty verdicts as to all charges. On September 19, 2017, the trial court entered convictions accordingly and sentenced Briscoe to six years incarcerated for the Level 5 felony handgun conviction to run consecutive to two years incarcerated for Level 6 felony resisting law enforcement. Those sentences were to run concurrent to one year incarcerated for Class A misdemeanor resisting law enforcement, for an aggregate sentence of eight years incarcerated.

# Discussion and Decision

---

[4] Ind. Code § 35-47-2-1(e) (2014).

[5] Ind. Code § 35-44.1-3-1(a) (2014).

When reviewing sufficiency of the evidence in support of a conviction, we will consider only probative evidence in the light most favorable to the trial court's judgment. *Binkley v. State*, 654 N.E.2d 736, 737 (Ind. 1995), *reh'g denied*. The decision comes before us with a presumption of legitimacy, and we will not substitute our judgment for that of the fact-finder. *Id.*

We do not assess the credibility of the witnesses or reweigh the evidence in determining whether the evidence is sufficient. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Reversal is appropriate only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* Thus, the evidence is not required to overcome every reasonable hypothesis of innocence and is sufficient if an inference reasonably may be drawn from it to support the verdict. *Id.* at 147.

## Level 6 Felony Resisting Law Enforcement

To prove Briscoe committed Level 6 felony resisting law enforcement by operation of a vehicle, the State had to present evidence Briscoe (1) forcibly resisted, obstructed, or interfered with Officer Minnis while Officer Minnis was lawfully engaged in his duties as a law enforcement officer; (2) used a vehicle to commit the offense; and (3) operated the vehicle in such a way to create a substantial risk of bodily injury to another person. Ind. Code § 35-44.1-3-1(b)(1) (2014). Briscoe argues the State did not prove: (1) Briscoe forcibly resisted Officer Minnis, or (2) Briscoe was the driver of the vehicle.

## *"Forcibly"*

[8]   Briscoe relies primarily on our Indiana Supreme Court's decision in *Spangler v. State*, 607 N.E.2d 720 (Ind. 1993). In that case, an officer attempted to perfect service on Spangler, and Spangler walked away from the officer. The officer followed Spangler, who continued to walk away. Based on that encounter, a jury found Spangler guilty of Class A misdemeanor resisting law enforcement. *Id*. at 722. Our Indiana Supreme Court was called upon to interpret the word "forcibly" as used in the statute governing resisting law enforcement.

[9]   Our Indiana Supreme Court held, "one 'forcibly resists' law enforcement when strong, powerful, violent means are used to evade a law enforcement official's rightful exercise of his or her duties." *Id*. at 723. Based thereon, the Court concluded:

> There was no strength, power, or violence directed towards the law enforcement official. There was no movement or threatening gesture made in the direction of the official. Spangler repeatedly and firmly refused to accept service of process, then walked away. Looking at the evidence favorable to the verdict, there is no evidence of any "forcible" actions that the charged crime prohibits.

*Id*. at 724-5. Briscoe contends while the State presented evidence he fled in a vehicle, it did not present evidence he took any action "directed toward" Officer Minnis.

[10]   However, our Indiana Supreme Court later held:

[N]ot every passive - or even active - response to a police officer constitutes the offense of resisting law enforcement, even when that response compels the officer to use force. Instead, a person "forcibly" resists, obstructs, or interferes with a police officer when he or she uses strong, powerful, violent means to impede an officer in the lawful execution of his or her duties. But this should not be understood as requiring an overwhelming or extreme level of force. The element may be satisfied with even a modest exertion of strength, power, or violence. Moreover, the statute does not require commission of a battery on the officer or actual physical contact - whether initiated by the officer or the defendant. It also contemplates punishment for the active threat of such strength, power, or violence when that threat impedes the officer's ability to lawfully execute his or her duties.

*Walker v. State*, 998 N.E.2d 724, 727 (Ind. 2013).

[11] Here, Briscoe used an SUV to flee from Officer Minnis at a high rate of speed. He drove in a residential area, leaving the street and going into "grassy areas[,]" (Tr. Vol. II at 9), where Officer Minnis could not follow him. The pursuit ended only when Briscoe struck a house. Briscoe's actions far exceeded those he contends are comparable in *Spangler*. Briscoe used a large vehicle at a high rate of speed to resist, obstruct, and interfere with Officer Minnis' exercise of his duties. *See Mason v. State*, 944 N.E.2d 68, 71 (Ind. Ct. App. 2011) (conviction of resisting law enforcement using a vehicle affirmed based on evidence police asked Mason to stop, but Mason drove away from officers at a high rate of speed and crashed into multiple vehicles before being tased by officers), *trans. denied*. Briscoe's argument to the contrary is an invitation for us to reweigh the

evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence).

### *Driver of Vehicle*

[12] Briscoe also argues the State did not present sufficient evidence he was the driver and sole occupant of the vehicle. Briscoe points to testimony he asserts proves "Briscoe's position in the vehicle is not consistent with the claim that he was the driver." (Br. of Appellant 14.) Officer Minnis testified Briscoe was "laying [sic] across the front seats, his hip area just about centered in the front seat area, his legs were in the passenger side -- his upper body was in the driver side area with [sic] his hands were slightly outside the window." (Tr. Vol. II at 15.)

[13] Briscoe contends there was another person in the vehicle, but that person left the scene prior to Officer Minnis and Officer Solomon's arrival at the location where the vehicle came to rest. Briscoe argues Officer Minnis did not see this person because the nature of the chase, in that Briscoe was able to cross grassy areas in an SUV and Officer Minnis was unable to do so in his patrol car, meant there were moments when Officer Minnis could not see the car. However, Officer Minnis testified he observed "a silhouette of a single occupant in the vehicle," (*id*. at 5), when he first attempted to pull over Briscoe. When Officer Minnis arrived at the crash scene, he did not see footprints leading away or "clues or inclination of there being anybody else in the vehicle." (*Id*. at 16.)

[14] Briscoe's alternate version of the incident is an invitation for us to reweigh the evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses). We therefore conclude the State presented sufficient evidence Briscoe committed Level 6 felony resisting law enforcement using a vehicle. *See Mason*, 944 N.E.2d at 71 (conviction of resisting law enforcement using a vehicle affirmed based on evidence police asked Mason to stop, but Mason drove away from officers at a high rate of speed and crashed into multiple vehicles before being tased by officers).

## Level 5 Felony Possession of a Handgun without a License

[15] To prove Briscoe committed Level 5 felony possession of a handgun without a license after having been convicted of a felony within the previous fifteen years, the State had to present evidence Briscoe (1) possessed a handgun; (2) without a license; (3) after having been convicted of a felony within the last fifteen years. Ind. Code § 35-47-2-1(e)(2)(B) (2014). Briscoe argues the State did not prove he knowingly exercised control over the handgun, in part because a fingerprint on the magazine of the weapon did not match Briscoe's fingerprint.

[16] Possession of an item may be either actual or constructive. *Henderson v. State*, 715 N.E.2d 833, 835 (Ind. 1999). "Actual possession occurs when a person has direct physical control over the item." *Id*. Constructive possession occurs when someone has "the intent and capability to maintain dominion and control over the item." *Id*. The parties do not argue Briscoe had actual possession of the

handgun.  Instead, Briscoe argues the State did not present sufficient evidence

he constructively possessed the handgun at issue.

[17]   As we have explained:

> In order to prove constructive possession, the State must show
> that the defendant has both (1) the intent to maintain dominion
> and control and (2) the capability to maintain dominion and
> control over the contraband.  To prove the intent element, the
> State must demonstrate the defendant's knowledge of the
> presence of the contraband, which may be inferred from either
> the exclusive dominion and control over the premises containing
> the contraband or, if the control is non-exclusive, evidence of
> additional circumstances pointing to the defendant's knowledge
> of the presence of the contraband.  The capability requirement is
> met when the State shows that the defendant is able to reduce the
> contraband to the defendant's personal possession.  Proof of a
> possessory interest in the premises in which contraband is found
> is adequate to show the capability to maintain control and
> dominion over the items in question.

*Iddings v. State*, 772 N.E.2d 1006, 1015 (Ind. Ct. App. 2002), *trans. denied*.

Additional circumstances that support finding a defendant had the intent and

capability to maintain dominion and control over contraband kept in non-

exclusive premises include: "(1) incriminating statements by the defendant; (2)

attempted flight or furtive gestures; (3) proximity of the firearm to the

defendant; (4) location of the firearm within the defendant's plain view; and (5)

the mingling of a firearm with other items owned by the defendant." *Causey v.

State*, 808 N.E.2d 139, 143 (Ind. Ct. App. 2004).

[18] Here, Officer Minnis testified he and Officer Solomon looked around the vehicle prior to placing Briscoe on the ground after extracting him from the vehicle because "[w]e [did] not want to injure either the suspect ourselves and put them on the [sic] something that that [sic] could cause either one was [sic] harm." (Tr. Vol. II at 16.) He stated there was nothing on the ground and nothing on the grass when he and Officer Solomon placed Briscoe on the ground. Officer Minnis did not see the handgun until after he rolled Briscoe onto his back once Briscoe was handcuffed. Additionally, the State presented evidence that after the officers extricated him from the vehicle, Briscoe "turned his hand toward the center of his body about the belt line and held them [sic] there forcibly for about 15 to 20 seconds . . . Officer Minnis and [Officer Solomon] had to apply a considerable amount of force to force his hands out from under his body[.]" (*Id.* at 70-1.)

[19] Briscoe's alternate version of the incident, in which the gun was present in the front yard of the home he happened to crash into at the end of a high speed chase prior to his arrest is an invitation for us to reweigh the evidence, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses). The State presented evidence the handgun was found under Briscoe when there was nothing on the ground prior to his occupancy of that space and evidence Briscoe refused to remove his hands from under his body and had to be forced to do so. We conclude the State presented sufficient evidence Briscoe constructively possessed the handgun. *See Deshazier v. State*, 877 N.E.2d 200, 208 (Ind. Ct. App. 2007)

(constructive possession of a handgun proven based on Deshazier's furtive gestures, flight from officers, and sitting on the gun), *trans. denied*.

# Conclusion

[20] The State presented sufficient evidence Briscoe committed Level 6 felony resisting law enforcement using a vehicle and Level 5 felony possession of a handgun without a license after having been convicted of a felony within the last fifteen years. Accordingly, we affirm.

[21] Affirmed.

Riley, J., and Mathias, J., concur.