## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2019, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Kindley
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marces Riley,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 14, 2019<br><br>Court of Appeals Case No.<br>19A-CR-384<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Jane Woodward<br>Miller, Judge<br><br>Trial Court Cause No.<br>71D01-1709-F6-855 |

**Riley, Judge**

# STATEMENT OF THE CASE

Appellant-Defendant, Marces Riley (Riley), appeals his convictions for resisting law enforcement, a Level 6 felony, Ind. Code § 35-44.1-3-1(b); carrying a handgun without a license, a Class A misdemeanor, I.C. § 35-47-2-1(e); possession of a narcotic drug, a Level 5 felony, I.C. § 35-48-4-6(b); two Counts of resisting law enforcement, Class A misdemeanors, I.C. §35-44.1-3-1(a)(1); a firearm enhancement charge, I.C. § 35-50-2-11(e)(h); possession of cocaine while armed with a firearm, a Level 3 felony, I.C. § 35-48-4-6(d)(1); and his vacated conviction for pointing a firearm at another, a Level 6 felony, I.C. § 35-47-4-3(b).

We affirm.

# ISSUES

Riley presents one issue on appeal, which we restate as: Whether the State presented sufficient evidence beyond a reasonable doubt to sustain his conviction for pointing a firearm at another, a Level 6 felony.[1]

# FACTS AND PROCEDURAL HISTORY

On September 7, 2017, South Bend Police Officer, Kyle Drury (Officer Drury), was conducting a patrol. Officer Drury observed a vehicle driving in the opposite direction that did not have a front bumper. Officer Drury made eye

---

[1] Due to double jeopardy concerns, the trial court did not enter a judgment of conviction on this charge.

contact with the driver, later identified as Riley, "whose eyes got really big," and who "immediately, ah, turned off of the main street." (Transcript Vol. I, p. 146). Because that "seemed odd," Officer Drury "went around the block to try to find that car." (Tr. Vol. I, p. 165). Officer Drury located Riley's vehicle at a gas station parking lot, and he began to follow Riley. Shortly thereafter, Officer Drury initiated a traffic stop since the "license plate was tinted so dark that he couldn't read the lettering on the license plate." (Tr. Vol. I, p. 140). As Officer Drury approached Riley's vehicle, Riley sank down in his seat and then sped off.

[5] Officer Drury ran back to his vehicle and chased Riley's vehicle. Riley eventually pulled into an alley and fled on foot. While running after Riley, Officer Drury repeatedly yelled, "Stop! Police!" (Tr. Vol. I, p. 174). As Riley ran up an embankment, he reached into his waistband and pulled out "a black semi-automatic handgun" and pointed it toward Officer Drury. (Tr. Vol. I, p. 176). By that time, other officers had joined the chase. Officer Brittany Bayles (Officer Bayles), who was running behind Officer Drury, yelled "Gun! Gun! Gun!" (Tr. Vol. I, p. 177). At that point, Officer Drury reached for his firearm, but it was not in his holster. Officer Drury's only option was to tackle Riley to the ground. After a brief struggle, Officer Drury handcuffed Riley.

[6] After Riley was lifted from the ground, "a black semi-automatic handgun" was located on the ground. (Tr. Vol. I, p. 147). The officers discovered a plastic baggie containing a white powdery substance, which was later identified to be 0.58 grams of heroin. The officers also located a plastic baggie containing a

white substance lying underneath an adjacent fence. That baggie contained 11.75 grams of cocaine. While there were four DNA profiles obtained from the black semi-automatic handgun's trigger, the "analysis provided strong support for the proposition that [] Riley" was the largest contributor to the DNA profile. (Tr. Vol. I, p. 129).

[7]

[8] On September 11, 2017, the State filed an Information, charging Riley with Count I, resisting law enforcement, a Level 6 felony; Count II, carrying a handgun without a license, a Class A misdemeanor; Count III, pointing a firearm at another, a Level 6 felony; and Count IV, possession of a narcotic drug, a Level 6 felony. On October 23, 2017, the State amended the charging Information to include Count V, possession of a narcotic drug, a Level 5 felony; and Counts VI and VII, resisting law enforcement, Class A misdemeanors. On October 23, 2017, the State once more amended the charging Information to include Count VIII, a firearm enhancement charge. The State's last amendment to the charging Information was on November 14, 2017, when it added Count IX, possession of cocaine while armed with a firearm, a Level 3 felony.

[9] A bifurcated jury trial was held on December 17 through December 19, 2018. During the first phase, the jury heard evidence on all Counts except for the firearm enhancement charge. At trial, the charges were re-numbered as follows: Count V, Class A misdemeanor resisting law enforcement (formerly

Count VI); Count VI, Class A misdemeanor resisting law enforcement (formerly Count VII); and Count VII, Level 3 felony possession of cocaine while armed with a firearm (formerly Count IX).

[10] At the close of the evidence, the jury found Riley guilty on all Counts except Count IV, possession of a narcotic drug, a Level 6 felony. The trial court then dismissed the jury. During the second phase pertaining to the firearm enhancement charge in Count VIII, Riley admitted to the charge but reserved his right to appeal. The trial court accepted Riley's admission and stated

> Well, I'm going to accept, um, your statement here and I'm going to find that under Count VIII[,] that you knowingly pointed a firearm at a person that you knew or should have known was a police officer and you did that in the course of the commission of another offense.

(Tr. Vol. II, p. 64).

[11] On January 16, 2019, the trial court conducted a sentencing hearing. The trial court merged Count II (Class A misdemeanor carrying a handgun without a license) with Count VII (Level 3 felony possession of cocaine and firearm). The trial court also merged Count VI (Class A misdemeanor resisting law enforcement) with Count I (Level 6 felony resisting law enforcement). Due to double jeopardy concerns, the trial court did not enter a judgment of conviction as to Count III, Level 6 felony pointing a firearm at another. The trial court

then attached the firearm enhancement to the Level 3 felony possession of cocaine while armed with a firearm.[2]

[12] The trial court subsequently ordered Riley to serve concurrent terms of one year on Count I, Level 6 felony resisting law enforcement; one year on Count V, Class A misdemeanor resisting law enforcement; and three years on Count VII, Level 3 felony possession of cocaine while armed with a firearm. Due to Riley's admission to the firearm enhancement charge, the trial court enhanced Riley's sentence for the Level 3 felony possession of cocaine while armed with a firearm by nine years, suspending two years, for an aggregate sentence of twelve years.

[13] Riley now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

[14] When reviewing a claim of insufficient evidence, it is well-established that our court does not reweigh evidence or assess the credibility of witnesses. *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013). Instead, we consider all the evidence, and any reasonable inferences that may be drawn therefrom, in a light most favorable to the verdict. *Id*. We will uphold the conviction "'if there is

---

[2] The trial court noted that pursuant to the holding in *Nicoson v. State*, 938 N.E.2d 660, 661 (Ind. 2010), it was permitted to attach the "enhancement appropriately" to Riley's Level 3 felony possession of cocaine while armed with a firearm. (Tr. Vol. II, p. 72). In *Nicoson*, the defendant was charged with, and convicted of criminal confinement with a deadly weapon, a Class B felony, because he was armed with a deadly weapon. *Id*. The trial court enhanced the sentence for that offense pursuant Indiana Code section 35-50-2-11 because the defendant "used" a firearm while committing the offense. *Id*.

substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.'" *Id*. (quoting *Davis v. State*, 813 N.E.2d 1176, 1178 (Ind. 2004)). Indiana Code section 35-47-4-3(b) provides that "a person who knowingly and intentionally points a firearm at another person commits a Level 6 felony."

[15] Riley argues that the State did not present sufficient evidence beyond a reasonable doubt to sustain his conviction for Count III, pointing a firearm at another, a Level 6 felony. We initially note that while the jury found Riley guilty of this charge, due to double jeopardy concerns, the trial court did not enter a judgment of conviction. The State correctly argues that therefore Riley's challenge on appeal is moot.

[16] "Mootness arises when the primary issue within the case 'has been ended or settled, or in some manner disposed of, so as to render it unnecessary to decide the question involved.'" *C.J. v. State*, 74 N.E.3d 572, 575 (Ind. Ct. App. 2017). In other words, when a court is not able to render effective relief to a party, the case is deemed moot and subject to dismissal. *Id*.

[17] At sentencing, the parties discussed whether certain convictions were barred by double-jeopardy. The trial court found that Count III, pointing a firearm at another, which is the sufficiency claim Riley discusses, should be vacated based on double-jeopardy grounds. Following the parties' arguments, the trial court did not enter a judgment of conviction as to that Count. Thus, we find Riley's

sufficiency claim for his Level 6 felony pointing a firearm at another conviction is moot.

[18] Notwithstanding the mootness of his argument, to the extent he argues the evidence is insufficient to his Level 6 felony pointing a firearm at another, during the foot chase, we note that the evidence reflects that Riley reached into his waistband and pulled out a semi-automatic handgun and pointed it toward Officer Drury. Officer Bayles who was running behind Officer Drury also saw Riley holding the gun and repeatedly yelled to warn Officer Drury that Riley had a gun. This was sufficient evidence to establish beyond a reasonable doubt that Riley pointed a firearm at Officer Drury.

# CONCLUSION

[19] Based on the foregoing, we hold that Riley's sufficiency claim as to his Level 6 felony pointing a firearm at another is moot since the trial court did not enter a judgment of conviction as to that charge. Moreover, to the extent that he challenges his sufficiency of the evidence to that Count, we conclude that there was sufficient evidence beyond a reasonable doubt that Riley pointed a firearm at Officer Drury.

[20] Affirmed.

[21] Vaidik, C. J. and Bradford, J. concur