## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 26 2019, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Carlester Tapp,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 26, 2019

Court of Appeals Case No.
19A-CR-725

Appeal from the Marion Superior
Court

The Honorable Jose D. Salinas,
Judge

Trial Court Cause No.
49G14-1711-F6-45930

**Bradford, Judge.**

# Case Summary

[1] Carlester Tapp was charged with and convicted of Class A misdemeanor refusing to leave an emergency incident area after he refused to leave the scene of an active arson investigation. On appeal, Tapp challenges the sufficiency of the evidence to sustain his conviction. We affirm.

# Facts and Procedural History

[2] During the early morning hours of November 29, 2017, the Indianapolis Fire Department ("IFD") was dispatched to a residence on North LaSalle Street. Upon arriving at the residence, firefighters observed that it appeared to have been divided into two apartments, "there was a stream of light visible in the haze" coming from one of the apartments, and "it didn't appear that there was a raging fire going on." Tr. p. 94. The firefighters entered the hazy apartment and discovered that "somebody had tried to set a small fire in a pile of clothing or a bag of some kind of linen." Tr. p. 95. The fire had been set "in an area where a dishwasher might go, but the [apartment] appeared to be vacant." Tr. p. 95. The fire "had actually burnt through a waterline and put itself out." Tr. p. 95. After determining that the fire appeared to have been intentionally set, IFD Captain Chris Major initiated an arson investigation and requested an arson investigator. Tr. p. 95.

[3] Because of the ongoing arson investigation, Captain Major and the other responding firefighters remained at the scene until the arson investigator arrived

"for continuity of the evidence." Tr. p. 96. Captain Major walked to the back of the residence and observed Tapp standing approximately forty feet behind the residence. Captain Major asked Tapp if he lived at the residence. Tapp did not respond. Believing that Tapp might not have heard him due to the distance between them, Captain Major "flashed" his flashlight "to get [Tapp's] attention." Tr. p. 98. Tapp responded by telling Captain Major to "[g]et that f[******] light out of my face." Tr. p. 98. After Tapp repeated this statement for a second time, Captain Major "knew the conversation wasn't going anywhere." Tr. p. 99. He attempted to de-escalate the situation by turning around and walking back to the front of the residence. Captain Major then asked for dispatch "to send a police unit." Tr. p. 99.

[4] Approximately three to five minutes later, Tapp came around to the front of the residence, got within "two to three feet" of Captain Major, and, in an agitated and threatening manner, said "were you the one that shined that light in my face?" Tr. p. 100. As Tapp confronted Captain Major, Indianapolis Metropolitan Police Officer Cory Lindley and the arson investigator arrived. Officer Lindley placed Tapp under arrest after Tapp refused numerous requests to identify himself and to leave. Officers recovered a small plastic baggie containing three rocks of heroin during a search incident to Tapp's arrest.

[5] On November 29, 2017, the State charged Tapp with Count I – Level 6 felony possession of a narcotic, Count II – Class A misdemeanor obstructing a firefighter, and Count III – Class A misdemeanor refusing to leave an emergency incident area. Following a jury trial, he was found guilty of Counts

I and III and not guilty of Count II. The trial court subsequently sentenced Tapp to a 730-day sentence for the Level 6 felony conviction and a concurrent 120-day sentence for the Class A misdemeanor conviction.

# Discussion and Decision

[6] Tapp contends that the evidence is insufficient to sustain his conviction for Class A misdemeanor refusing to leave an emergency incident area.

> We do not reweigh evidence or reassess the credibility of witnesses when reviewing a conviction for the sufficiency of the evidence. We view all evidence and reasonable inferences drawn therefrom in a light most favorable to the conviction, and will affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt.

*Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013) (internal citation and quotation omitted).

[7] "A person who is not a firefighter who knowingly or intentionally refuses to leave an emergency incident area immediately after being requested to do so by a firefighter or law enforcement officer commits a Class A misdemeanor." Ind. Code § 35-44.1-4-5. An "emergency incident" includes: (1) a structure or vehicle that is on fire; (2) a motor vehicle accident; (3) an accident involving hazardous materials; (4) a crime scene; (5) a police investigation; and (6) a location where an individual is being arrested." Ind. Code § 35-44.1-4-1.5. In

challenging the sufficiency of the evidence to sustain his conviction, Tapp argues that the State failed to prove that he refused to leave an emergency incident area. We disagree.

[8] The evidence reveals that Tapp refused to leave the scene of an arson investigation after being instructed to do so by a law enforcement officer. Pursuant to Indiana Code section 35-43-1-1, arson is a criminal act. Therefore, the scene of an arson investigation can be reasonably labeled as a crime scene, *i.e.*, the location where the criminal act was committed. Tapp's claim that the scene of the arson investigation was not a crime scene is without merit and amounts to little more than an invitation to reweigh the evidence, which we will not do. *See Walker*, 998 N.E.2d at 726.

[9] The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.